IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**CHRISTOPHER STEPHEN POWERS**
  Petitioner,

vs.               CASE NO.: 5:10cv243/MCR/MD

**KENNETH S. TUCKER,**
  Respondent.[1]
_____

## REPORT AND RECOMMENDATION

  This case is before the court on Christopher Stephen Powers' ("Mr. Powers") September 15, 2010 petition for habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1).  Respondent filed an answer (doc. 12) and relevant portions of the state court record (docs. 17 and 24).  Mr. Powers then filed a response (doc. 21).  The matter was referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  It is further the opinion of the undersigned that the pleadings and attachments before the court show that Mr. Powers is not entitled to relief, and the petition should be denied.

---

[1] Kenneth S. Tucker became Secretary of the Florida Department of Corrections on August 24, 2011, and is substituted as respondent.  Florida Department of Corrections, Walter A. McNeil and Chris Landrum, warden at Jefferson Correctional Institution, are hereby terminated as respondents.

## BACKGROUND AND PROCEDURAL HISTORY

Mr. Powers was charged with sexual battery on a child less than 12 years old, and of lewd and lascivious battery on a child between the ages of 12 and 16 in case number 2007-0195CF in the Circuit Court of Holmes County, Florida, in violation of Sections 794.011(2)(a) and 800.04(4)(a), Florida Statutes (doc. 17, ex. D).[2] On December 7, 2007, Mr. Powers filed a motion to suppress his confession to police investigators given on June 26, 2007 (doc. 24-1) alleging a violation of his Sixth Amendment right to counsel (ex. B). The trial court denied the motion at the conclusion of the suppression hearing after taking testimony from investigative officer Tracy Hedman ("Officer Hedman"), Holmes County jail administrator Captain Greg Yancy ("Captain Yancy"), investigative officer Eddie Eaton ("Officer Eaton"), lead investigative officer Chris Wells ("Officer Wells"), and Mr. Powers (ex. E). Mr. Powers was tried by a jury and found guilty of the charges on April 29, 2008 (ex. H). The court adjudicated him guilty under Florida law, and sentenced him to life in prison without parole and a consecutive term of 15 years imprisonment with 345 days of credit time (ex. J).

On January 14, 2009, Mr. Powers appealed his conviction to the First District Court of Appeal ("First DCA") (ex. K). On June 18, 2009, the First DCA *per curiam* affirmed without a written opinion. *Powers v. State of Florida*, 11 So. 3d 359 (Fla. 1st DCA 2009) (Table) (ex. N). The mandate issued on July 7, 2009 (ex. O). Respondent concedes that the petition is timely (doc. 12, p. 5).

## STANDARD OF REVIEW

Federal courts may issue habeas corpus relief for persons in state custody pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death

---

[2] Hereinafter all references to exhibits will be to doc. 17.

*Case No. 5:10cv243/MCR/MD*

Penalty Act of 1996 ("AEDPA"). Pub. L. 104-132, § 104, 110 Stat. 1214, 1218-19 (1996). In relevant part, Section 2254 provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2006).

The Supreme Court explained the framework for Section 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[3] Section 2254(d)(2) must be divided into two separate inquiries:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.* at 412–13 (O'Connor, J., concurring). The federal habeas court "determining whether [it] should overturn the state courts' [sic] rejection of the claim at issue" should "review the highest state court decision disposing of the claim." *Harvey v.*

---

[3] Unless otherwise noted, references to *Williams* are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367–75, 390–99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and—except as to the footnote—Scalia) in part II (529 U.S. at 403–13). The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

*Warden, Union Corr. Inst.*, 629 F.3d 1228, 1237 (11th Cir. 2011); *see also Knowles v. Mirzayance*, 556 U.S. 111, 129 S. Ct. 1411, 173 L. Ed. 2d 251(2009).

Following the *Williams* framework, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal state court proceeding, the federal court should first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). The law is "clearly established" only when the Supreme Court's holding embodies the legal principle; dicta in opinions is not controlling. *Thaler v. Haynes*, __ U.S. __, 130 S. Ct. 1171, 1173, 175 L. Ed. 2d 1003 (2010); *Bowles v. Sec'y for Dep't of Corr.*, 608 F.3d 1313, 1315 (11th Cir. 2010). Furthermore, a federal court of appeals decision, "even a holding directly on point," cannot clearly establish federal law for Section 2254 purposes. *Bowles*, 608 F.3d at 1316 (citing *Renico v. Lett*, __ U.S. __, 130 S. Ct. 1855, 1866, 176 L. Ed. 2d 678 (2010)).

After identifying the governing legal principle, the court determines whether the state court adjudication is "contrary to" clearly established Supreme Court case law, either because the state court "applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or because it "confronts a set of facts that is materially indistinguishable from a decision of [the] Court but reaches a different result." *Brown v. Payton*, 544 U.S. 133, 141, 125 S. Ct. 1432, 161 L. Ed. 2d 334 (2005); *see* 28 U.S.C. § 2254(d)(1). The state court does not need to cite to Supreme Court cases or even be aware of them, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002). If the state court decision is contrary to clearly established federal law, the federal habeas court must independently consider the merits of petitioner's claim.

*Case No. 5:10cv243/MCR/MD*

If the state court decision is not contrary to clearly established federal law, the federal habeas court must then determine whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. 28 U.S.C. § 2254(d)(1); *Williams*, 529 U.S. at 412–13. The federal court defers to the state court's reasoning unless the state court's application of the legal principle was "objectively unreasonable" in light of the record the court had before it. *Williams*, 529 U.S. at 409; see *Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 1400, 179 L. Ed. 2d 557 (2011) (holding new evidence introduced in federal habeas court has no bearing on Section 2254(d)(1) review, rejecting dicta in *Holland v. Jackson*, 542 U.S. 649, 652, 124 S. Ct. 2736, 159 L. Ed. 2d 683 (2004) (per curiam)). A state court's application of federal law is objectively unreasonable when the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Brown*, 544 U.S. at 141. However, a state court may "decline to apply a specific legal rule that has not been squarely established by [the Supreme Court]" without running afoul of the "unreasonable application" clause. *Knowles*, 556 U.S. at 261. Notably, even a state court's incorrect application of law will not warrant federal habeas relief unless it is also objectively unreasonable. *See Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 785-86, 178 L. Ed. 2d 624 (2011).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in state court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). As with the "unreasonable application" clause, the Supreme Court applies the "objectively unreasonable" test to the state court's factual determination. *Miller-El v. Cockrell*, 537 U.S. 322, 324, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (dictum). Petitioner must advance clear and convincing evidence that the state court's factual determination was "objectively

unreasonable" to rebut the presumption that the determination was correct. *Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir. 2011); 28 U.S.C. § 2254(e)(1).

The Eleventh Circuit in *Gill* clarified how the federal habeas court should address the "unreasonable application of law" and the "unreasonable determination of facts" tests. *Id.* at 1288-89. Mr. Gill's petition alleged he was denied his Sixth Amendment right to counsel.[4] *Id.* at 1288. The Eleventh Circuit granted a limited Certificate of Appealability to determine the precise issue of the validity of "summary affirmance by a state appellate court of a trial court's decision based on potentially flawed reasoning." *Id.* at 1286.[5]

The *Gill* court acknowledged the well-settled principle that summary affirmances, such as the Second DCA's, are presumed adjudicated on the merits and warrant deference. *Id.* at 1288 (citing *Harrington*, 131 S. Ct. at 784-85 and *Wright v. Sec'y for the Dep't of Corr.*, 278 F.3d 1245, 1254 (11th Cir. 2002)). "A judicial decision and a judicial opinion are not the same thing," and the Supreme Court has confirmed that determining whether the state court unreasonably applied the law or unreasonably determined the facts requires only a decision, not an opinion. *Id.* at

---

[4] Mr. Gill twice moved the trial court in pretrial hearings to allow him to waive his Sixth Amendment right to counsel. *Gill*, 633 F.3d at 1275-84; U.S. Const. amend. VI. The trial court denied the first motion concluding that Mr. Gill's waiver of counsel was not knowing and intelligent. *Gill*, 633 F.3d at 1278; *see Faretta v. California*, 422 U.S. 806, 835, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975) (accused must "knowingly and intelligently" waive representation). The trial court also denied the second motion, but allowed Mr. Gill to act as co-counsel for himself only for determining trial strategy. *Gill*, 633 F.3d at 1284. After Mr. Gill was convicted and timely requested post-conviction relief, the Florida Second District Court of Appeal ("Second DCA") affirmed without opinion the trial court's denial of said relief. *Id.* at 1284-85. Mr. Gill then filed a petition in federal court, which the district court denied with prejudice. *Id.*

[5] The Eleventh Circuit reviewed Mr. Gill's claims that the district court erred in its habeas corpus analysis as to two issues. First, Mr. Gill argued that the habeas court erred by "failing to review on the merits the 'legally and factually unsupported rationale' articulated by the state trial court." *Gill*, 633 F.3d at 1288. Second, Mr. Gill argued the habeas court's decision was *per se* erroneous because it "relied on a finding that the state court did not make." *Id.* Specifically, Mr. Gill averred that the trial court denied relief by finding that his Sixth Amendment waiver was not knowing and intelligent, while the federal district court denied relief by finding that he "never clearly and unequivocally" waived his right to counsel. *Id.*

*Case No. 5:10cv243/MCR/MD*

1291 (citing *Harrington*, 131 S. Ct. at 784). Yet, the Supreme Court has never squarely addressed whether under the "unreasonable application" test a federal habeas court "looks exclusively to the objective reasonableness of the state court's ultimate conclusion or must also consider the method by which the state court arrives at its conclusion." *Id.* at 1289 (quoting *Neal v. Puckett*, 286 F.3d 230, 244-45 (5th Cir. 2002) (summarizing the emerging circuit split)). The Eleventh Circuit in *Gill* concluded that district courts must apply the plain language of Section 2254(d) and answer the "precise question" raised in a claim based on the state court's ultimate legal conclusion, and should not "evaluate or rely upon the correctness of the state court's process of reasoning." *Id.* at 1291 (agreeing with the Fifth Circuit court in *Neal*, 286 F.3d at 244-45). In short, the Eleventh Circuit held that "the statutory language focuses on the result, not on the reasoning that led to the result." *Id.*[6]

In light of *Gill*, the "unreasonable determination of facts" standard plays a limited role in habeas review because the district court considers the reasonableness of the trial court's fact finding only to the extent that the state court's ultimate conclusion relied on it. *Id.* at 1292. A federal habeas court can consider the full record before it in order to answer "the only question that matters[:]" whether the state court's decision was objectively unreasonable. *Lockyer*, 538 U.S. at 64; *Gill*, 133 F.3d at 1290.

The Supreme Court recently summarized the meaning and function of habeas corpus in the federal system:

> Under §2254, a habeas court must determine what arguments or theories supported or . . . could have supported [ ] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of this Court.

---

[6] Applying this analysis, the Eleventh Circuit rejected Mr. Gill's claim that the district court erred by relying on different grounds than the trial court because Mr. Gill's basic premise—the Second DCA's summary affirmance relied on the trial court's statements from the bench—was not dispositive. *Id.* at 1288.

*Case No. 5:10cv243/MCR/MD*

*Harrington,* **131 S. Ct. at 786**. **Federal habeas relief is precluded "so long as fairminded jurists could disagree on the correctness of the state court's conclusion."** *Id.* **(internal quotations omitted)**

**The federal habeas court will take the final step of conducting an independent review of the merits of petitioner's claims only if it finds that petitioner satisfied AEDPA and Section 2254(d).** *See Panetti v. Quarterman,* **551 U.S. 930, 953-54, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007). The writ will not issue unless petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a). When performing its review under Section 2254(d), the federal court must resolve all claims for relief regardless of whether habeas relief is granted or denied.** *Clisby v. Jones,* **960 F.2d 925, 936 (11th Cir. 1992) (en banc);** *see also Puiatti v. McNeil,* **626 F.3d 1283, 1307 (11th Cir. 2010). The federal court must also bear in mind that state court factual determinations are presumed to be correct, and petitioner bears the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1);** *see also Crawford v. Head,* **311 F.3d 1288, 1295 (11th Cir. 2002) (AEDPA provides for a "highly deferential standard of review" for factual determinations made by a state court);** *Jackson v. Anderson,* **112 F.3d 823, 824-25 (noting petitioner has heavier burden to overcome the presumption of factual correctness). "If this standard is difficult to meet, that is because it was meant to be."** *Harrington,* **131 S. Ct. at 786.**

## OTHER CONTROLLING LEGAL PRINCIPLES

**Deference to state court findings of fact**

Federal habeas courts defer to the state court's findings of fact, unless petitioner shows by clear and convincing evidence that it was unreasonable. *See* 28 U.S.C. § 2254(d)(2); 28 U.S.C. § 2254(e)(1); *Callahan v. Hall*, 427 F.3d 897, 926 (11th Cir. 2005) (quoting the statute's language) ("[Section] 2254(d)(2) allows for relief where the state court adjudication 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'"). Under the AEDPA, the state court does not have to explicitly state its findings of fact. *See Blankenship v. Hall*, 542 F.3d 1253, 1271-72 (11th Cir. 2008). State court findings of fact can be implied from the opinion and the record when they are necessary to the Rule 3.850 court's rejection of a petitioner's claim. *Id.* These implicit findings are entitled to deference. *Id.* As explained in the Standard of Review, *supra*, the state court is not required to cite or be aware of the relevant Supreme Court precedent as long as its conclusion is not contradictory. *Early*, 537 U.S. at 8. A summary adjudication with a brief, or total lack of, statement of reasons is still an adjudication on the merits. *Harrington*, 131 S. Ct. at 780, 784; *see Childers v. Floyd*, 642 F.3d 953, 968 (11th Cir. 2011) ("an 'adjudication on the merits' is best defined as any state court decision that does not rest solely on a state procedural bar.")

Under Eleventh Circuit precedent, the habeas court will "'look through' a summary decision to the 'last reasoned decision' on the issue." *McGahee v. Ala. Dep't of Corr.*, 560 F.3d 1252, 1262 n.12 (11th Cir. 2009) (quoting *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1317 (11th Cir. 2006)); *see also Ylst v. Nunnemaker*, 501 U.S. 797, 802, 111 S. Ct. 2590, 115 L. Ed. 2d 706 (1991) (quoting *Coleman*, 501 U.S. at 740) (the *Harris* presumption only applies after the habeas court determines that

"'the relevant state court decision. . .fairly appear[s] to rest primarily on federal law or [is] interwoven with [federal] law.'")

### PETITIONER'S GROUND FOR RELIEF

**Violation of Right to Counsel under Sixth Amendment of the U.S. Constitution**

Mr. Powers alleges that the confession he provided the investigative officers was given under duress.  He contends that when he was arrested and appeared before the court in Bay County and then Holmes County he explicitly requested an attorney.  He argues that because he was held in a suicide cell at the Holmes County jail for ten days without having counsel appointed, the confession was a result of coercion.  Therefore, he contends that the confession should have been suppressed by the trial court because it was obtained in violation of his Sixth Amendment right to counsel.

Mr. Powers testified in the suppression hearing that while in the jail he was harassed, gassed and tasered by unknown officers (ex. E, pp.61-62).  He also testified that mock trials were held outside his cell, but he could not see anyone's faces.  *Id.* at 65.  Mr. Powers alleges that these occurrences forced him to come forward and request to talk to someone, anyone, in order to confess and make it stop.  *Id.*

Officer Hedman testified at the suppression hearing that, on June 26, 2007, Mr. Powers called her attention and requested to speak to someone, to confess everything, and get everything over with.  *Id.* at 10.  Captain Yancy testified that Mr. Powers also told him the same thing.  *Id.* at 18-19.  Both Officer Hedman and Captain Yancy contacted investigators assigned to Mr. Powers' case in order to advise of his request.  *Id.* at 10, 20.  Both also denied questioning Mr. Powers before or after his request.  *Id.*  Officer Eaton received the call from Captain Yancy, but forwarded the

information to his supervisor, Officer Wells, who was the lead investigator in the case. *Id*. at 30. Officer Wells went to the jail, explained to Mr. Powers his *Miranda*[7] rights, and had him sign a waiver. *Id*. at 38. Officer Wells then placed Mr. Powers under oath and began the interview. *Id*. Officer Hedman was present during the entire interview. *Id*. at 39, transcript of the taped interview (doc. 24-1).

### State Court Decision

The First DCA *per curiam* affirmed the trial court's judgment and sentence without issuing an opinion (ex. N).

### Federal Review of State Court Decision

As discussed in detail above, this court owes deference to the state courts' rulings, and cannot disturb them so long as there was a "satisfactory conclusion." *Williams,* 529 U.S. at 410-12; *see also Crawford*, 311 F.3d at 1295 (explaining that AEDPA provides for a "highly deferential standard of review" for factual determinations made by a state court).

"The Sixth Amendment[8] right to counsel is triggered at or after the time that judicial proceedings have been initiated whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *Fellers v. United States*, 540 U.S. 519, 523, 124 S. Ct. 1019, 1022, 157 L. Ed. 2d 1016 (2004) (internal quotations omitted). Mr. Powers challenges the admission of his June 26, 2007 confession. A review of the record shows that Mr. Powers made this confession after his first appearances in Bay and Holmes County, but before his arraignment or

---

[7] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

[8] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."  U.S. Const. Amend. VI.

*Case No. 5:10cv243/MCR/MD*

Page 12 of 15

information (doc. 24-1, ex. A, C and D[9]). Mr. Powers admits the same in all of his pleadings.[10] Therefore, his Sixth Amendment right to counsel had not been triggered when he decided to speak to the authorities and provide a detailed confession. *Massiah v. United States*, 377 U.S. 201, 205, 84 S. Ct 1199, 1202, 12 L. Ed. 2d 246 (1964) (under the Sixth Amendment defendant is entitled to aid of counsel from time of arraignment until beginning of trial).

Upon his arrest, Mr. Powers was advised of his *Miranda* rights, which provide him a Fifth Amendment right to counsel. *Edwards v. Arizona*, 451 U.S. 477, 101 S. Ct. 1880, 68 L. Ed. 2d 378 (1981). Both the Sixth Amendment right to counsel and the *Miranda-Edwards* Fifth Amendment's right to counsel can be waived. *Montejo v. Louisiana*, 556 U.S. 778, 129 S. Ct. 2079, 2085, 173 L. Ed. 2d 955 (2009) ("the Sixth Amendment [and Fifth Amendment] right to counsel may be waived by a defendant, so long as relinquishment of the right is voluntary, knowing, and intelligent"). One such way to waive *Miranda-Edwards*' right to counsel is by initiating contact with authorities. *Id*. Just like Mr. Powers did in this case.

The Supreme Court has long held that it is the trial court's duty to decide the voluntariness of a confession. *Lego v. Twomey,* 404 U.S. 477, 478-79, 92 S. Ct. 619, 621-22, L. Ed. 2d 618 (1972) ("the prosecution must prove at least by a preponderance of the evidence that the confession was voluntary"). Mr. Powers had an opportunity to present his evidence to the trial court in the suppression hearing via his testimony and his counsel's arguments (ex. E). The trial court denied his motion to suppress the June 26, 2007 confession and issued findings of fact on the record (ex. E, pp. 76-78). The trial court decided that "the only competent substantial evidence" established that Mr. Powers waived his right to counsel by initiating

---

[9] The original information is dated September 5, 2007 (ex. A), the amended information is dated December 7, 2007 (ex. C), and the second amended information is dated April 24, 2008 (ex. D).

[10] Mr. Powers sometimes refers to his first appearances in Bay County and Holmes County as his arraignment, but that is refuted by the transcript from the suppression hearing (ex. E, pp. 5-7).

*Case No. 5:10cv243/MCR/MD*

contact with Officer Hedman and Captain Yancy. *Id*. at 77. The trial court also explicitly stated that Mr. Powers' testimony was not credible based on its review of the entire confession statement (doc. 24-1). *Id*. Thus, the trial court concluded that the government had met its burden "by plenty of evidence. . .that the statement was freely and voluntarily given. . . ." *Id*. at 78.

Mr. Powers' challenge of the trial court's factual determination that his confession was voluntary fails. The record shows that upon his arrest he invoked his right to remain silent, and the police complied. Then, 10 days after his arrest, Mr. Powers requested to talk to investigators, was explained again his Miranda rights, and given a waiver form to read those rights, which he signed. At the suppression hearing, Mr. Powers did not contest any of this, but merely argued that due to harassment by unnamed and unidentified officials at the jail he felt compelled to confess in order to make it stop.

The trial court found Mr. Powers' testimony incredible when compared to statements such as "I really don't want to embarrass these boys anymore," which he repeated during the confession (ex. E, p. 78). During his taped statement, Mr. Powers stated that he wanted to confess and understood his rights (doc. 24-1 at 1-4). He also denied receiving any threats or coercion, and admitted that he asked to speak to an officer in order to confess. *Id*. at 20. He stressed repeatedly that the kids were truthful, and wanted to spare them from embarrassment in a trial. *Id*. at 7, 11, 17. After review of the confession transcript (doc. 24-1), the undersigned cannot disagree with the trial court or find that its decision resulted from an unreasonable determination of the facts. *See Gore v. Sec'y for Dep't of Corr.*, 492 F.3d 1273, 1298 (11th Cir. 2007).

The state court's ruling did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence

presented. 28 U.S.C. § 2254(d)(1)(2); *Williams*, 529 U.S. at 409. Mr. Powers is not entitled to federal habeas relief, and the writ should not issue.

## CONCLUSION

The undersigned has carefully reviewed the informations, motion to suppress, suppression hearing transcript, trial transcript, post-conviction motions, orders, records on appeal, and all submissions in this proceeding. Mr. Powers' claim is without merit, and he is not entitled to federal habeas relief.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(a), Rules Governing Section 2254 Cases. A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.  That the 28 U.S.C. § 2254 petition for writ of habeas corpus (doc. 1), challenging the conviction and sentence in *State of Florida v. Powers* in the Circuit Court of Holmes County, Florida, case no. 07-195CF, be DENIED and the clerk be directed to close the file.

2.  That a certificate of appealability be DENIED.

At Pensacola, Florida, this 15th day of February, 2012.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties</u>. Failure to object may limit the scope of appellate review of factual findings.** See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No. 5:10cv243/MCR/MD*